## JOSEPH WILLIAMS v. MARY J. JONES, &c.

**Cancellation of Instruments—Inadequate Consideration—Weak Mental Condition.**

Evidence showed a sale of 26 acres of land, worth $20.00 per acre, subject only to the widow's dower, and sale of a life estate of considerable value, in consideration of a horse, diseased, and which shortly died. Held, that in view of the grossly inadequate consideration, the grantor's advanced age, distressed and weak mental condition, and being overreached by the grantee, the transaction cannot be upheld by a Court of Equity.

APPEAL FROM EDMONDSON CIRCUIT COURT.

April 17 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

It appears from the evidence that the tract of about twenty-six acres of land to which the appellant had the legal title as heir of his son, Berry Williams, subject only to the widow's dower, was worth at least $20 an acre, and that the life estate embraced by his deed to Mrs. Jones, was also of considerable value; all of which the deed purports to convey, in consideration of a diseased mare which died shortly afterwards of but little value at the time the deed was made, and belonging equally to the plaintiff and Mrs. Jones as distributees of the estate of Berry Williams deceased. In view of this grossly inadequate consideration for the conveyance, and the advanced age, distress and weak, if not deranged mental condition of appellant and the expectation he seems to have had at the time, of being further compensated by having a home with his daughter-in-law, which was disappointed; and Mrs. Jones' own admissions disclosing a knowledge of his incapacity, and a deliberate purpose to overreach him, we are constrained to conclude that the transaction was one which ought not to be upheld by a court of equity, and that the circuit court erred in refusing the relief sought by the plaintiff and dismissing his petition.

Wherefore the judgment is reversed and the cause remanded

with instructions to render a judgment for the plaintiff in conformity with this opinion.

*B. Lawless, for appellant.*